IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANITA JO HARRIS-ALBANO,

                    Plaintiff,

        v.                                    CASE NO. 21-3015-SAC

Topeka Correctional Facility,
Warden and/or Deputy Warden, et al.,

                    Defendants.


MEMORANDUM AND ORDER


     This matter is a civil rights action filed under 42 U.S.C. §
1983. Plaintiff Anita Jo Harris-Albano, who is proceeding pro se,
filed her initial complaint on January 11, 2021. (Doc. 1.) In a
memorandum and order dated April 19, 2021, the Court identified
deficiencies in the complaint and directed Plaintiff to file an
amended complaint that corrected those deficiencies. (Doc. 5.)
Plaintiff filed her amended complaint on June 1, 2021 (Doc. 7), but
she has not complied with all the directions in the Court's earlier
order. Thus, the Court directs Plaintiff to file a second amended
complaint that corrects the deficiencies the Court has identified.

     **Background and Previous Order**

     In an order dated April 19, 2021, the Court informed Plaintiff
of the legal holding in *Bell Atlantic Corp. v. Twombly*, 550 U.S.
544, 558 (2007), that dismissal is appropriate "when the allegations
in a complaint, however true, could not raise a claim of entitlement
to relief." (Doc. 5, p. 1-2.) In other words, "to state a claim in
federal court, a complaint must explain what each defendant did to

[the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court granted Plaintiff to and including May 19, 2021, to file an amended complaint in this action. *Id.* at 5-6. Specifically, the Court instructed Plaintiff that she "must name every defendant in the caption of the amended complaint," warning her that "the Topeka Correctional Facility is not a proper defendant in this action." (Doc. 5, p. 3-5.) Even if the Court read the complaint as naming as defendants the warden and assistant warden, "[P]laintiff has failed to explain how their actions resulted in constitutional violations." *Id.* at 4. Thus, the Court instructed Plaintiff that in her amended complaint, she "must refer to each defendant in the body of the complaint and must allege specific facts that describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances." *Id.* at 5. The Court also cautioned Plaintiff that any amended complaint must comply with the Federal Rules governing permissive joinder of parties and joinder of claims. *Id.* at 5, 7. Finally, her amended complaint must "show[] that she has exhausted available administrative remedies for all claims alleged." *Id.* at 7.

**Amended Complaint**

Plaintiff filed her amended complaint on June 1, 2021. (Doc. 7.) The caption of the amended complaint identifies "State of Kansas" as the sole defendant, but the jurisdiction portion of the amended complaint identifies "Topeka Correctional Facility" and "Centurion" as the defendants. *Id.* at 1-2. As the Court explained

in its previous order, the Topeka Correctional Facility "is not a 'person' subject to suit for monetary damages under § 1983 action." (Doc. 5, p. 3 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).) Similarly, the United States Supreme Court has held that a State is not a "person" under § 1983. *Will*, 491 U.S. at 71. The amended complaint does not make the nature of "Centurion" clear, but it also appears to be an entity, not a person.

Even reading the amended complaint to identify the defendants as the warden and assistant warden of TCF and individuals employed by Centurion, Plaintiff again has failed to refer to individual defendants in the body of her amended complaint. She has not alleged in the body of her amended complaint specific facts that describe individual defendants' allegedly unconstitutional acts, including dates, locations, and circumstances. Nor does Plaintiff identify the right or rights she believes were violated. Rather, Plaintiff makes general assertions about the actions of unidentified individuals. (See Doc. 7, p. 3 ("Since filing the petition, they have reduce[d] the Tylenol").) The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

**The second amended complaint**

If Plaintiff submits a second amended complaint, it must be submitted on court-approved forms and must be complete in and of itself. See Fed. R. Civ. P. 15. An amended complaint is not a supplement to a prior complaint, but completely replaces it. Plaintiff may not refer to an earlier pleading; she must include in the second amended complaint all allegations and claims that she

intends to present in this case, including those already stated in a prior complaint. Plaintiff must include the case number of this action on the first page of the second amended complaint.

Plaintiff must name every defendant in the caption of the second amended complaint. In the body of the second amended complaint, she must specifically refer to each individual defendant who Plaintiff believes violated her rights and explain what each individual did, when each individual did it, how that action harmed Plaintiff, and what rights Plaintiff believes each individual violated. See *Nasious*, 492 F.3d at 1163. Plaintiff must also comply with Rules 18 and 20 of the Federal Rules of Civil Procedure, which govern joinder of claims and permissive joinder of parties. (See Doc. 5, p. 5-7.) Finally, Plaintiff must show that she has exhausted available administrative remedies for all claims alleged.

If Plaintiff fails to submit a second amended complaint consistent with these directions, the Court will dismiss this matter without prejudice and without further notice.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Plaintiff is granted to and including **July 2, 2021,** to file a second amended complaint as directed.

**IT IS SO ORDERED.**

DATED: This 2nd day of June, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge