**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANITA JO HARRIS-ALBANO,**

                         **Plaintiff,**

      **v.**                                                **CASE NO. 21-3015-SAC**

**RILEY COUNTY POLICE DEPARTMENT, ET AL.,**

                         **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. It comes before the Court for screening of Plaintiff Anita Jo Harris-Albano's second amended complaint. (Doc. 11.) For the reasons given below, the Court dismisses the case without prejudice.

Plaintiff, who is a prisoner proceeding pro se, filed her initial complaint on January 11, 2021. (Doc. 1.) The initial complaint named the Topeka Correctional Facility (TCF) as the sole defendant and appeared to assert a claim of gross negligence based on TCF staff's failure to accommodate and treat Plaintiff's ongoing medical problems as Plaintiff wished. (Doc. 1, p. 1-18.) As relief, Plaintiff sought "[p]roper medication and administ[ration]" by TCF medical staff. *Id.* at 19.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

After screening Plaintiff's initial complaint, the Court issued a memorandum and order dated April 19, 2021, that explained the following: (1) TCF was not a proper defendant to a § 1983 action; (2) if Plaintiff intended to name an individual as defendant, she was required to name each defendant in the caption and the body of the complaint, allege each defendant's personal participation, and explain how each defendant's actions resulted in a constitutional violation; (3) it was unclear whether Plaintiff's claims and parties were properly joined under Rules 18 and 20 of the Federal Rules of Civil Procedure; and (4) Plaintiff had not shown that she exhausted administrative remedies as required. (Doc. 5, p. 3-7.) The Court granted Plaintiff time to file an amended complaint correcting the identified deficiencies, instructing that the amended complaint must allege sufficient facts to state a claim of a federal constitution violation and state a federal cause of action. *Id.* at 7-8.

Plaintiff filed her amended complaint on June 1, 2021 (Doc. 7), but it did not comply with the Court's earlier order. The caption of the amended complaint again improperly named TCF as the sole defendant, but Plaintiff referred to "Centurion" as a defendant in the body of the complaint. (Doc. 7, p. 1-2.) The amended complaint also failed to allege specific facts that explained how each individual defendant committed unconstitutional acts; instead, it contained only general assertions about the actions of unidentified individuals, focusing on Plaintiff's belief that she was not receiving adequate medical care and appropriate accommodations. *Id.* at 3-4.

After screening the amended complaint, the Court issued a second memorandum and order on June 2, 2021. (Doc. 8.) The Court again

explained to Plaintiff that her complaint must name only proper defendants; she must include each defendant in the caption and body of her complaint; she must allege specific facts that describe individual defendants' allegedly unconstitutional acts, including dates, locations, and circumstances; she should identify the constitutional right or rights she believes were violated; she must comply with Rules 18 and 20 of the Federal Rules of Civil Procedure, which govern joinder of claims and permissive joinder of parties; and she must show that she has exhausted available administrative remedies for all claims alleged. *Id.* at 2-4. The Court allowed Plaintiff time to submit a second amended complaint that corrected the deficiencies, but it cautioned her that if she did not "submit a second amended complaint consistent with these directions, the Court will dismiss this matter without prejudice and without further notice." *Id.* at 4.

Plaintiff filed her second amended complaint on July 14, 2021. (Doc. 11.) The Court has screened the second amended complaint and finds it deficient. The second amended complaint lists five new defendants: the Riley County Police Department, Public Defender Lara Ingalls, and landlords George Dillion, Pam Gabar, and Johnny Gabar. *Id.* at 1-2. It raises new claims that were not included in and are not related to the subject matter or occurrences identified in the initial complaint or the first amended complaint. Instead, the second amended complaint alleges that police stalked Plaintiff, her landlords evicted her, and her public defender gave her legal advice that "got [her] convicted." *Id.* at 3-5. These claims may not be joined to the present action. *See McLemore v. Saline County Sheriff's Office*, 2016 WL 3522048, at *3-5 (D. Kan. June 28, 2016) (denying joinder of claims not related to pro se prisoner's original complaint).

In addition, the second amended complaint fails to allege specific facts that describe individual defendants' allegedly unconstitutional acts, including dates, locations, and circumstances. *Id.* at 3-5. As the Court has previously explained, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). (*See* Doc. 8, p. 2.) Plaintiff's second amended complaint does not do so.

In summary, Plaintiff brought this case under 42 U.S.C. § 1983 and she has now submitted three deficient complaints that fail to allege claims upon which relief under § 1983 may be granted. Accordingly, the Court will dismiss this action without prejudice. *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that leave to further amend a complaint may be denied for "repeated failure to cure deficiencies by amendments previously allowed").

**IT IS, THEREFORE, BY THE COURT ORDERED** that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 29th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge